Perry Clegg (USB 7831)
    pclegg@kunzlerlaw.com
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 531-1929

*Attorneys for Plaintiff*,
Modern Font Applications LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br>    Plaintiff,<br><br>v.<br><br>KELLI KRISTINA SMITH, dba CHICK-FIL-A AT CENTERVILLE FSU #3259; and CHICK-FIL-A, Inc., a Georgia corporation,<br><br>    Defendants. | Case No. 2:19-cv-00211-TS-PMW<br><br>**ATTORNEY PLANNING MEETING REPORT**<br><br>Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

The parties submit this report based upon the date of the scheduling conference currently set by the Court.  Plaintiff filed a motion to transfer each of its cases filed in the District of Utah asserting infringement of U.S. Patent No. 9,886,421 ("the '421 patent") to the judge assigned to the first filed of the Related Cases. The first filed Related Case was reassigned to Judge Ted Stewart, who reaffirmed the Court's prior orders, including the Court's order regarding application of patent case specific rules.[1] The parties have agreed to be governed by those same patent case rules, subject to certain agreed-upon amendments.

---

[1] *See* Modern Font Applications LLC v. Allegiant Travel Company, Case No. 2:18-cv-00649-TS-DBP, Dkt. No. 17, p. 1 ("the court directs the partis to follow the specific Rules of Practice for patent cases that are published on the court's website. (See Judge Campbell's Patent Rules, http://www.utd.uscourts.gov/senior-judge-tena-campbell.)").

1

1. **PRELIMINARY MATTERS**:

   a. Describe the nature of the claims and affirmative defenses:

   Plaintiff asserts that Defendant infringes the '421 patent under 35 U.S.C. §271.

   b. This case has been reassigned to Judge Ted Stewart.

   c. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 15, 2019 by telephone.

   The following attended:

   > Perry S. Clegg,
   >
   > counsel for Plaintiff Modern Font Applications LLC, and
   >
   > Bob Lee, David Mortensen, and Emily Welch,
   >
   > counsel for Defendants Chick-fil-A, Inc. and Kelli Kristina Smith.

   d. The parties will exchange by 7/23/19 the initial disclosures required by Rule 26(a)(1).

   e. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived. The addition of three days under Rule 6(d), FRCP shall apply to any documents served "by other electronic means . . . consented to in writing" under Rule 5(b)(2)(E) if the document is served on any weekend day (starting any time after 5:00 pm MT on a Friday), on a federal holiday, or any day on which the court is closed.

2. **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

   a. Discovery is necessary on the following subjects: Each of Plaintiff's Claims for Relief, the facts and circumstances surrounding Plaintiff's allegations set forth in the Complaint, and any additional claims that may be raised based upon future discovery. The facts and circumstances surrounding Defendants' affirmative

defenses and Counterclaims to Plaintiff's claims will also be the subject of discovery.

b.  Discovery Phases: Discovery will NOT be conducted in phases.

c.  Designate the discovery methods to be used and the limitations to be imposed. Discovery limitations are per "side," not per party.

> (1) Oral Exam Depositions
>
> Plaintiff - 10
>
> Defendant - 10
>
> Maximum number of hours per deposition – 7 hours per Fed. R. Civ. P.
>
> (2) Interrogatories - per Fed. R. Civ. P.
>
> Admissions – per Fed. R. Civ. P.
>
> Requests for production of documents – per Fed. R. Civ. P.
>
> (3) Other discovery methods: As appropriate per the circumstances encountered in the case, including subpoenas issued pursuant to Fed. R. Civ. P. 45.

d.  Discovery of electronically stored information should be handled as follows:

> (1) **General Document Image Format**. Except for software and spreadsheets, each electronic document shall be produced as follows, to the extent reasonably possible:
>
> The parties shall produce each electronic document in Portable Document Format ("PDF") format or Tagged Image File Format ("TIFF") format ( and if in TIFF with accompanying Optical Character Recognition ("OCR") load file and accompanying metadata, where available, including document author, custodian, creation date, modification date, file path, file name, and, if the document is a communication, send date, to, from, bc, and cc).  Each PDF of TIFF file shall be named with a unique production name with a unique production number or number range followed by the appropriate file extension. Where possible, each page must be marked with a unique production number. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.
>
> (2) **Source Code and Spreadsheets**.  Source code or spreadsheets may be produced as native files and need not also be produced as PDF or TIFF files as described above if such source code or spreadsheets are viewable in readily available and reasonably inexpensive computer programs or programs otherwise already available to the receiving party.

(3) **Text-Searchable Documents**. The Parties will use reasonable efforts to produce document files in text searchable format or accompanying an OCR file using the best available copies of documents.

(4) **Production Numbers**. Each document image shall contain a footer or header with a sequentially ascending production number. Where possible, each page of the document shall be named with a unique production number.

(5) **Native Files**. In the event a requesting party determines that it needs the native format or metadata for particular documents redacted for privilege or needs such documents produced with metadata, said requesting party may request that the responding party provide the specific document in native format or produce metadata for the specific document. A party that receives a document produced in a non-native format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. Native files need not include a footer or header with the production number as specified above but must be identified on a slip sheet with a production number, which may include one production number applicable to an entire file as specified in the file name. As native documents are not subject to being branded "Confidential" or "Attorneys Eyes Only" under the Court's Protective Order, any party who receives native documents designated as Confidential or Attorneys Eyes Only shall take reasonable precautions to prevent against the inadvertent disclosure of such native information.

(6) **Federal Rules**. As to other ESI or if not expressly addressed herein, it shall be handled in accordance with the Federal Rules of Civil Procedure. Nothing herein shall limit a responding party's right to object to the production of the documents on the basis that the request is overbroad, unduly burdensome, electronic documents are not readily available because of undue burden or cost, duplicate, or any other valid objection.

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: The parties agree that attorney-client privileged communications after the filing of the action need not be logged in any privilege log unless such communications relate to subject matter on which the attorney-client privilege or work product protection is waived. The parties further agree to use the Court's standard protective order pursuant to DUCivR 26-2 for all purposes until such time as the court enters any amended protective orders stipulated to by the parties.

f. Discovery related deadlines are as set forth in the accompanying [Proposed] Patent Case Management Order.

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:
    a. The cutoff date for the parties to file a motion to amend pleadings is the date three months from the date Defendant(s) answer or otherwise respond to the Complaint.
    b. The cutoff date for the parties to file a motion to join additional parties is the date three months from the date Defendant(s) answer or otherwise respond to the Complaint.
    *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a)).*
4. **EXPERT REPORTS**:
    a. The parties will disclose the subject matter and identity of their experts on:
        Party(ies) bearing burden of proof - TBD (5 weeks after a Rule 16 Conference scheduled at PCC as set forth in the accompanying [Proposed] Patent Case Management Order); "PCC" means after or "post" the date that claim construction order issues or court issues order stating that no terms will be construed)
        Counter Disclosures - TBD (9 weeks after a Rule 16 Conference scheduled at PCC as set forth in the accompanying [Proposed] Patent Case Management Order)
    b. Reports from experts under Rule 26(a)(2) will be submitted on:
        Party(ies) bearing burden of proof - TBD (5 weeks after a Rule 16 Conference scheduled at PCC as set forth in the accompanying [Proposed] Patent Case Management Order);
        Counter Reports - TBD (9 weeks after a Rule 16 Conference scheduled at PCC as set forth in the accompanying [Proposed] Patent Case Management Order);
5. **OTHER DEADLINES**:
    a. Expert Discovery cutoff:   - TBD (14 weeks after a Rule 16 Conference scheduled at PCC as set forth in the accompanying [Proposed] Patent Case Management Order);

    b.    Deadline for filing dispositive[2] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case will be scheduled at Rule 16 Conference scheduled at PCC as set forth in the accompanying [Proposed] Patent Case Management Order).

    c.    Deadline for filing partial or complete motions to exclude expert testimony will be scheduled at Rule 16 Conference scheduled at PCC as set forth in the accompanying [Proposed] Patent Case Management Order).

6. **ADR/SETTLEMENT**:

    a.    The potential for resolution before trial is: ____ good   __X_ fair   ____ poor

    b.    The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:   settlement conference (with magistrate judge): __No__   arbitration: __No___   mediation: __No___

    c.    The parties intend to engage in private alternative dispute resolution for: arbitration: ___No___   mediation: ___No___

    d.    The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*): _8_/__5_/_2019__

7. **TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have __14___ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b.    This case should be ready for trial by: TBD (due to uncertainty of claim construction order; as specified in the attached proposed patent scheduling order, the parties will submit a new scheduling order within 14 days after the court rules on claim construction).

        *Specify type of trial*: Jury __X__   Bench_____

    c.    The estimated length of the trial is: *specify days* __5____

---

[2] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

*/s/ Perry S. Clegg*                                        Date: __5_/_22_/_2019
Perry S. Clegg, Plaintiff's Attorney


*/s/ David L. Mortensen*                                Date: __5_/_22_/_2019
David L. Mortensen, Defendants' Attorney