# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KELLI KRISTINA SMITH, dba CHICK-FIL-A AT CENTERVILLE FSU #3259; and CHICK-FIL-A, Inc., a Georgia corporation,<br><br>    Defendants. | **STIPULATED PATENT CASE MANAGEMENT ORDER**<br><br>Case No. 2:19-cv-00211-TS-PMW<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Paul M. Warner |

    Pursuant to Fed. R. Civ P. 16(b), the Court received the Attorney Planning Report[1] filed by counsel. This Patent Case Management Order is based on patent case specific rules set forth at http://www.utd.uscourts.gov/senior-judge-tena-campbell. The Court schedules the following matters. The parties may not modify the times and deadlines set forth herein without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**ALL DEADLINES ARE SET FOR 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED TO THE CONTRARY**

**THE FOLLOWING SCHEDULE IS BASED ON THE FILING BY DEFENDANT(S) OF AN ANSWER OR OTHER RESPONSE TO PLAINTIFF'S COMPLAINT ("ANSWER").**

| | | **1.    PRELIMINARY MATTERS/DISCLOSURES** | **DATE** |
|---|---|---|---|
| | a. | Plaintiff's Accused Instrumentalities disclosures due under JCPR[2] 3(A) | 1 Week of ANSWER |
| | b. | Parties' Rule 26(a)(1) initial disclosure due | 60 Days of ANSWER |
| | c. | Rule 26(f)(1) Conference held | May 15, 2019 |

---

[1] *See* docket no. 15.

[2] "JCPR" means the patent case specific rules set forth at http://www.utd.uscourts.gov/senior-judge-tena-campbell

| | | | |
|---|---|---|---|
| | d. | Attorney Planning Meeting Report and Proposed Scheduling Order submitted | Yes |
| | e. | Plaintiff serves Preliminary Infringement Contentions under JCPR 3(B) and disclosures to be made "at the same time and as part" thereof under JCPR 4(B)-(C) | 120 days of ANSWER |
| | f. | Plaintiff's Document Production Accompanying Preliminary Infringement Contentions under JCPR(4)(E) | 120 days of ANSWER |
| | g. | Defendant(s) Preliminary Accused Instrumentality Discovery Production under JCPR 4(A)(2)-(3) | 60 days of disclosure of Accused Instrumentalities |
| | h. | Plaintiff's 30(b)(6) deposition(s) under JCPR(A)(4) may be taken after date that Plaintiff serves its Accused Instrumentalities disclosure and before the date it serves its Preliminary Infringement Contentions | Approximately 120 days of ANSWER |
| | i. | Defendant serves Preliminary Invalidity Contentions under JCPR 5(A) | 45 days after service of Preliminary Infringement Contentions |
| | j. | Defendant's Document Production Accompanying Preliminary Invalidity Contentions under JCPR(6)(A) | 45 days after service of Preliminary Infringement Contentions |
| | k. | Leave to make amendments to infringement and invalidity contentions must be made within 30 days after issuance of the Court's Markman ruling | |
| 2. | | **DISCOVERY LIMITATIONS - per side, not party** | **NUMBER** |
| | a. | Maximum number of depositions[3] by Plaintiff(s) | 10 |
| | b. | Maximum number of depositions[4] by Defendant(s) | 10 |

---

[3] Excluding depositions of experts.
[4] Excluding depositions of experts.

| | | |
|---|---|---|
| c. | Maximum number of hours for each deposition (unless extended by agreement of parties) | 7 |
| d. | Maximum interrogatories[5] by any party to any party | Per Fed. R. Civ. P. |
| e. | Maximum requests for admissions by any party to any party | Per Fed. R. Civ. P. |
| f. | Maximum requests for production by any party to any party | Per Fed. R. Civ. P. |

The Parties shall handle discovery of electronically stored information as follows:

g. As agreed by parties in Attorney Planning Meeting Report. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: The parties agree that attorney-client privileged communications after the filing of the action need not be logged in any privilege log unless such communications relate to subject matter on which the attorney-client privilege or work product protection is waived.  The parties further agree to use the Court's standard protective order pursuant to DUCivR 26-2 for all purposes until such time as the court enters any amended protective orders stipulated to by the parties.

|   |   | **DATE** |
|---|---|---|
| h. | Completion of Claim Construction Discovery | 30 days after service of Joint Claim Construction and Prehearing Statement |
| i. | Deadline to serve PCC written discovery: | TBD per Rule 16 conference PCC |
| j. | Close of PCC fact discovery: | TBD per Rule 16 conference PCC |
| k. | Disclosure of intent to rely on opinions of counsel and materials in support under JCPR 9(A) | 30 Days PCC[6] |

---

[5] An interrogatory or multiple interrogatories seeking the basis of a party's affirmative defenses, infringement contentions, or invalidity contentions counts as one interrogatory regardless of the number of affirmative defenses alleged or the number of infringed or invalid claims alleged. A party may object to the time of discovery as set forth in JCPR.

[6] "PCC" means after or "post" the date that claim construction order issues or court issues order stating that no terms will be construed).

| | | | |
|---|---|---|---|
| | l. | Defendant production of Opinion of Counsel - JCPR 9(B)-(C) | 30 Days PCC |
| **3.** | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[7] | **DATE** |
| | a. | Last day to file motion to amend pleadings | 3 months of ANSWER |
| | b. | Last day to file motion to add parties | 3 months of ANSWER |
| **4.** | | **CLAIM CONSTRUCTION PROCESS – JCPR 8** | **DATE** |
| | a. | Parties exchange proposed claim terms and phrase party contends should be construed by Court and identify any claim limitations party contends are governed by 35 U.S.C. § 112(6) – JCPR 8(A)(1) | 10 days after service of Preliminary Invalidity Contentions |
| | b. | Meet and Confer under JCPR 8(A)(2)-(3) to reach agreement on list of no more than 10 claim terms and/or phrases to be construed and regarding Joint Claim Construction and Prehearing Statement | 10 days after service of claim terms to be construed |
| | c. | Exchange preliminary proposed constructions of each claim term or phrase to be construed – JCPR 8(B)(1) | 20 days after service of Terms and Phrases to be Construed |
| | d. | Identification of intrinsic and extrinsic evidence on which a party intends to rely to support its claim construction contentions – JCPR 8(B)(2) | 20 days after service of Terms and Phrases to be Construed |
| | e. | Production of Summary of Claim Construction Witness Testimony – JCPR 8(B)(3) | 20 days after service of Terms and Phrases to be Construed |
| | f. | Meet and Confer to narrow claim construction issues and finalize preparation of a Joint Claim Construction and Prehearing Statement – JCPR 8(B)(4) | 10 days after exchange of preliminary claim constructions |

---

[7] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).


| | | | |
|---|---|---|---|
| | g. | Submission to Court of Joint Claim Construction and Prehearing Statement – JCPR 8(C) | 60 days after service of the Preliminary Invalidity Contentions |
| | h. | Plaintiff's Opening Claim Construction Brief – JCPR 8(E)(1) | 45 days after filing of the Joint Claim Construction and Prehearing Statement |
| | i. | Defendant's Responsive Claim Construction Brief – JCPR 8(E)(2) | 14 days after service of the Plaintiff's opening claim construction brief |
| | j. | Plaintiff's Reply Claim Construction Brief – JCPR 8(E)(3) | 7 days after service of Defendant's responsive claim construction brief |
| | k. | Claim Construction Hearing[8] | TBD |
| **5.** | | **EXPERT DISCOVERY** | **DATE** |
| | a. | Parties bearing burden of proof | 5 Weeks PCC |
| | b. | Counter reports | 9 Weeks PCC |
| | c. | Close of expert discovery | 14 Weeks PCC |
| **6.** | | **DISPOSITIVE MOTIONS** | **DATE** |
| | a. | Deadline to file dispositive motions | TBD per Rule 16 conference PCC |
| | b. | Deadline to file opposition to dispositive motions | TBD per Rule 16 conference PCC |
| | c. | Deadline to file reply to dispositive motions filed | TBD per Rule 16 conference PCC |
| | d. | | |

---

[8] Parties should contact the Court to set the date for the Claim Construction Hearing

| | Deadline for filing partial or complete motions to exclude expert testimony | TBD per Rule 16 conference PCC |
|---|---|---|

**7.     SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION/ OTHER PROCEEDINGS**

**DATE**

| | | |
|---|---|---|
| a. | Likely to request referral to a Magistrate Judge for settlement conference: | No |
| b. | Likely to request referral to court-annexed arbitration: | No |
| c. | Likely to request referral to court-annexed mediation: | No |
| d. | Last day to seek stay pending reexamination or IPR | 6 months of ANSWER |
| e. | The parties will complete private mediation/arbitration by: | Not Applicable |
| f. | Evaluate case for Settlement/ADR on | Not Applicable |
| g. | Settlement probability: | Fair |

*Plaintiff is directed to file a new scheduling order within 14 days of ruling on claim construction. The Court will set trial deadlines in that order or through a case management conference.*

**8.     OTHER MATTERS**
All Motions in Limine should be filed well in advance of the Final Pretrial Conference.

Signed this 23rd day of May, 2019

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

**APPROVED AS TO FORM:**

DATED:  May 22, 2019                             KUNZLER BEAN & ADAMSON, PC

                                                      _/s/ Perry S. Clegg_
                                                      Perry S. Clegg

                                                 *Attorney for Plaintiff,*
                                                 *Modern Font Applications LLC*


DATED:  May 22, 2019                             STOEL RIVES LLP

                                                   _/s/ David L. Mortensen_
                                                    David L. Mortensen

                                                 *Attorney for Defendant(s),*
                                                 *Kelli Kristina Smith, and*
                                                 *Chic-Fil-A, Inc.*