David L. Mortensen (Utah Bar. No. 8242)
   Email: david.mortensen@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Robert L. Lee (*pro hac vice* forthcoming)
   Email: bob.lee@alston.com
Emily Chambers Welch (*pro hac vice* forthcoming)
   Email: emily.welch@alston.com
ALSTON & BIRD LLP
1201 West Peachtree St. NW
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Chick-fil-A, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC, a Utah limited liability company<br><br>               Plaintiff,<br><br>   v.<br><br>KELLI KRISTINA SMITH dba CHICK-FIL-A AT CENTERVILLE FSU #3259; and CHICK-FIL-A, INC., a Georgia corporation,<br><br>               Defendant. | **DEFENDANT CHICK-FIL-A'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>Case No.:  2:19-cv-00211-TS-PMW<br><br>The Honorable Judge Ted Stewart<br><br>The Honorable Magistrate Judge Paul M. Warner |

Defendant Chick-fil-A, Inc. ("Defendant" or "Chick-fil-A"), by and through its counsel, hereby files its Answer, Affirmative Defenses, and Counterclaims, to Modern Font Applications LLC's ("Plaintiff" or "MFA") Complaint for Patent Infringement and Jury Demand (the

"Complaint") (Dkt. No. 2). Defendant denies the allegations and characterizations in the Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint.

## INTRODUCTION

1.  Defendant admits that MFA has filed an action alleging infringement of United States Patent No. 9,866,421 ("the '421 Patent" or "Patent in Suit"), but denies that Plaintiff has any valid claim. Defendant admits that a copy of what purports to be the '421 Patent, entitled "Allowing Operating System Access to Non-Standard Fonts in a Network Document," was attached to Plaintiff's Complaint as Exhibit A. Defendant denies the remainder of the allegations of paragraph 1 of the Complaint.

2.  Defendant denies the allegations of paragraph 2 of the Complaint.

3.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore denies them.

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies them.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore denies them.

6.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies them.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies them.

## THE PARTIES

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 of the Complaint, and therefore denies them.

16. Defendant Kelli Kristina Smith ("KKS") has been dismissed from the instant litigation (Dkt. No. 17) and therefore does not participate in this Answer, Affirmative Defenses, or Counterclaims.  Chick-fil-A admits the allegations of paragraph 16 regarding Defendant KKS.  Chick-fil-A further admits that it is a corporation organized and registered in the State of

Georgia, and that its registered agent for service of process in Utah is CT Corporation System, 1108 E South Union Ave, Midvale, UT 84047.

17. As set forth above, KKS has been dismissed from the instant litigation and therefore does not participate in this Answer, Affirmative Defenses, or Counterclaims. Chick-fil-A admits the allegations of paragraph 17 regarding KKS. Chick-fil-A denies that it operates one or more regular and established place(s) of business in this state and judicial district, and further denies that it operates the Chick-fil-A at Centerville FSU #3259 at 540 N 800 W, Centerville, UT 84014.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

## JURISDICTION AND VENUE

20. Defendant incorporates by reference its responses to paragraphs 1 through 19 above, as if fully repeated herein.

21. Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiff has any claim thereunder.

22. Defendant denies that venue is proper or convenient in this judicial district.

## THE ASSERTED PATENT

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 25 of the Complaint.

26. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 26 of the Complaint.

27. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 27 of the Complaint.

28. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 28 of the Complaint.

29. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 29 of the Complaint.

30. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 30 of the Complaint.

31. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 31 of the Complaint.

32. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 32 of the Complaint.

33. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 33 of the Complaint.

34. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 34 of the Complaint.

35. Defendant admits that the '421 Patent contains the quoted language, but denies the relevance of the quotation recited in paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 9,886,421)**
**(Against Defendant)**

37. Defendant refers to and incorporates its responses to paragraphs 1-36, above, as though fully set forth herein.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies any liability to Plaintiff, denies that Plaintiff is entitled to any relief from Defendant, and denies all of the allegations contained in Plaintiff's Prayer for Relief.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's request for a trial by jury does not require a response from Defendant.

## GENERAL DENIAL

Defendant denies any allegations in the Complaint that have not been specifically admitted or denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

### First Defense
### (Non-infringement)

Defendant does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Patent in Suit.

**Second Defense**
**(Invalidity)**

Each asserted claim of the Patent in Suit is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Third Defense**
**(Failure to Mark)**

To the extent that Plaintiff and alleged predecessors in interest to the Patent in Suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the Patent in Suit, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the Patent in Suit.

**Fourth Defense**
**(Laches, Estoppel, and Waiver)**

Plaintiff's attempted enforcement of the Patent in Suit against Defendant is barred by laches, estoppel, and waiver.

**Fifth Defense**
**(Limitation on Damages)**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**Sixth Defense**
**(Prosecution History Estoppel)**

Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent application resulting in the Patent in Suit.

**Seventh Defense**
**(Divided Infringement)**

Claims in the Patent in Suit require actions by multiple parties in order to infringe the recited methods. Defendant does not perform, direct, or control every element of such claims.

**Eighth Defense**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Ninth Defense**
**(Reservation of Rights)**

Defendant reserves the right to add any additional defenses (including but not limited to inequitable conduct) or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Chick-fil-A, Inc. ("Defendant" or "Chick-fil-A"), for its counterclaims against Plaintiff and Counterclaim-Defendant Modern Font Applications LLC ("MFA"), states as follows:

**PARTIES**

1. Chick-fil-A is a Georgia corporation with its principal place of business in Atlanta, Georgia.

2. On information and belief based solely on paragraph 15 of the Complaint as pled by Plaintiff, Counterclaim-Defendant Modern Font Applications LLC is a Utah limited liability company with its principal place of business in Salt Lake City, Utah.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et *seq*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue in this District is appropriate over these Counterclaims because MFA has consented to the propriety of venue in this District by filing its claims for patent infringement in this District, in response to which these Counterclaims are asserted.

## FIRST COUNTERCLAIM
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '421 PATENT

5. Based on MFA's filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and exists between the parties as to whether Defendant infringes U.S. Patent No. 9,886,421 ("the '421 Patent" or "Patent in Suit").

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et *seq*., Defendant requests a declaration by the Court that it does not infringe any claim of the '421 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## SECOND COUNTERCLAIM
## DECLARATION REGARDING INVALIDITY OF THE '421 PATENT

7. Based on MFA's filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and exists between the parties as to the validity of the claims of the '421 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et *seq*., and 35 U.S.C. § 100 et *seq*., Defendant requests a declaration by the Court that the claims of the '421

Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## DEMAND FOR JURY TRIAL

9.  Defendant demands a trial by Jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant asks this Court to enter judgment in favor of Defendant and against MFA by granting the following relief:

a)  a declaration that the asserted claims of the '421 Patent are invalid;

b)  a declaration that Defendant does not infringe, under any theory, any claim of the '421 Patent;

c)  a declaration that MFA take nothing by its Complaint;

d)  judgment against MFA and in favor of Defendant;

e)  dismissal of MFA's Complaint with prejudice;

f)  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Defendant of its costs and attorneys' fees incurred in this action; and

g)  any and all further relief as the Court may deem just and proper.

DATED: May 24, 2019                    STOEL RIVES LLP

/s/ David L. Mortensen
David L. Mortensen

Robert L. Lee
Emily Chambers Welch
ALSTON & BIRD LLP

Attorneys for Defendant Chick-fil-A, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May 2019, I caused a true and correct copy of the foregoing **DEFENDANT CHICK-FIL-A'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** to be served via CM/ECF on the following:

    Perry Clegg
       Email: pclegg@kunzlerlaw.com
    KUNZLER BEAN & ADAMSON, PC
    50 W. Broadway, Suite 1000
    Salt Lake City, Utah 84101
    Telephone: (801) 994-4646
    Facsimile: (801) 531-1929

*/s/ Rose Gledhill*